CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

June 06, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **KARSTEN O. ALLEN,** ) | |
| Plaintiff, ) | Case No. 7:21-cv-00214 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **B. WALDRON,** ) | Chief United States District Judge |
| Defendant. ) | |

## MEMORANDUM OPINION

Karsten O. Allen, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. Allen claims that the remaining defendant, B. Waldron, unlawfully retaliated against him for engaging in activity protected by the First Amendment. The case is presently before the court on Waldron's second motion for summary judgment. ECF No. 76. For the reasons set forth below, the motion is **DENIED**.

### Factual Background

The following summary of the evidence is taken from the parties' sworn statements and accompanying exhibits. The facts are either undisputed or presented in the light most favorable to Allen, the nonmoving party on summary judgment.

This action arises from events that occurred on January 27, 2021, while Allen was incarcerated at Keen Mountain Correctional Center (Keen Mountain). On that day, Allen went to morning pill call carrying law library materials to return to a counselor. He encountered defendant Waldron and another correctional officer, C. McBride, who were overseeing pill call. McBride asked Allen if he was there for pill call, and Allen responded in the affirmative. However, when Allen approached the nurse to retrieve his medication, the nurse informed

him that she did not have it. Pl.'s Sworn Mem. Opp'n M. Summ. J., ECF No. 51-1, at 1; see also Pl.'s Verification, ECF No. 64.

The parties provide different accounts of what transpired next. Waldron asserts that he "questioned Allen about lying about having pills for pill call" and that "Allen became agitated and used vulgar language towards [Waldron and] McBride by stating, 'Fuck y'all bitch ass supervisors.'" Waldron Decl., ECF No. 77-1, at ¶ 4. Later that morning, Waldron charged Allen with violating Offense Code 222, which prohibits the use of vulgar or insolent language toward an employee. Id. Waldron maintains that he "wrote the charge because Allen used vulgar and insulant language against staff." Id. at ¶ 8.

Allen, for his part, denies using vulgar language toward Waldron, McBride, or any other member of the Keen Mountain staff on January 27, 2021. See Pl.'s Supp'l Aff., ECF No. 88-1, at ¶ 3. Allen asserts that McBride wrongly accused Allen of lying to the officers about needing to attend pill call, told Allen not to lie to him, and asked if Allen understood him. Pl.'s Sworn Mem. Opp. M. Summ. J. 1. Allen refused to respond to McBride after being accused of lying. Id. He claims that his refusal to respond "prompt[ed] Waldron to use racially derogatory terms and threaten[] to put [Allen] in segregation if he continued to refuse to answer McBride." Id. at 1–2. Allen "continued to refuse and was taken to segregation while Waldron threatened [him] with physical assault." Id. at 2. Allen claims that Waldron then falsely charged him with using vulgar language in retaliation for refusing to answer McBride. See Pl.'s Supp'l Aff. ¶ 4 ("Defendant Waldron did not submit a disciplinary report against me for any misconduct, rather, to retaliate against me for refusing to respond to Lt. McBride when asked 'Do you understand me.'"); Pl.'s Sworn Mem. Opp'n 2d M. Summ. J., ECF No. 88, at

1 ("After Plaintiff continued to ignore McBride's question, the officers placed Plaintiff in segregation, [and] Waldron later filed a falsified [disciplinary offense report] alleging Plaintiff used vulgar language.").

A hearing officer found Allen guilty of the disciplinary charge brought by Waldron Decl. Encl. A, ECF No. 77-1, at 9. As part of his disciplinary hearing appeal, Allen argued that the charge was an act of retaliation. Id. at 10–11. The assistant warden determined that there was insufficient evidence to support the claim of retaliation and upheld the conviction. Id.

## Procedural History

Allen filed this civil action under 42 U.S.C. § 1983 against Waldron and other officials at Keen Mountain in their individual capacities. By memorandum opinion and order entered July 27, 2022, the court granted a motion to dismiss filed by the other defendants, leaving only the claim of retaliation against Waldron.

Waldron subsequently moved for summary judgment on the basis that Allen failed to exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act (PLRA). By memorandum opinion and order entered August 3, 2023, the court denied the motion for summary judgment. Based on the evidence presented, the court determined that "there are disputes of fact as to whether the Offender Grievance Procedure was actually available to inmates who wished to pursue a retaliation claim related to a disciplinary action or whether Allen was misled to believe that such claims should be raised in an appeal from a disciplinary action under OP 861.1." Mem. Op., ECF No. 68, at 8. Given these factual disputes, the court concluded that Waldron was not entitled to summary judgment on the issue of exhaustion. Accordingly, the court denied the motion and gave

Waldron 30 days to file a motion for summary judgment addressing the merits of Allen's retaliation claim. Id. The court also directed Waldron to advise the court within 30 days as to whether he requested an evidentiary hearing on the exhaustion defense. Order, ECF No. 69, at 1.

On August 24, 2023, Waldron submitted a request for an evidentiary hearing. ECF No. 70. He then filed a second motion for summary judgment. ECF No. 76. In the memorandum submitted in support of the second motion for summary judgment, Waldron "renews his argument that [Allen's] claim is barred because he failed to exhaust his administrative remedies prior to filing suit." Def.'s Mem. Supp. 2d M. Summ. J., ECF No. 77, at 2 n.2. Waldron also argues that "the evidence demonstrates that [he] did not retaliate against Allen." Id. at 12. Allen has responded to the second motion for summary judgment, ECF No. 88, and the motion is ripe for decision.

## Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, "[t]he court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party." Shaw v. Foreman, 59 F.4th 121, 129 (4th Cir. 2023). The court "may not weigh the evidence or make credibility determinations." Harris v. Pittman, 927 F.3d 266, 272 (4th Cir. 2019) (internal quotation marks and citations omitted).

## Discussion

### I. Waldron's Exhaustion Defense

4

Waldron first argues that Allen's claim of retaliation is barred by the PLRA because Allen failed to properly exhaust his administrative remedies. Waldron raised this argument in his first motion for summary judgment and that motion was denied. As the United States Court of Appeals for the Fourth Circuit recently explained, an order denying a motion for summary judgment is "a textbook example of an interlocutory order that 'adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.'" Phoenix v. Amonette, 95 F.4th 852, 856 (4th Cir. 2024) (quoting Fed. R. Civ. P. 54(b)). Consequently, "a district court's discretion to revisit an order denying summary judgment is 'cabined' by the same principles that govern other types of interlocutory orders." Id. at 857 (quoting Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017)). In particular, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Carlson, 856 F.3d at 325 (internal quotation marks and brackets omitted).

Here, Waldron does not direct the court's attention to any change in the applicable law or clear error resulting in manifest injustice. Nor does he present "different evidence" that was not considered in connection with the first motion for summary judgment. Id. Instead, Waldron relies on the same evidence submitted in connection with the first motion, including an affidavit signed by the Institutional Ombudsman at Keen Mountain on August 18, 2022. See H. Viars Aff., ECF Nos. 46-1 at 1–4, 77-4 at 1–4. Consequently, the court declines to revisit its previous decision denying Waldron's first motion for summary judgment, and the

5

second motion for summary judgment will be denied to the extent that it is based on Allen's alleged failure to exhaust his administrative remedies.

## II. The Merits of Allen's Retaliation Claim

Waldron also argues that he is entitled to summary judgment on the merits of Allen's retaliation claim. Allen claims that he refused to answer McBride after being wrongly accused of lying on the morning of January 27, 2021, and that Waldron retaliated against him for refusing to respond. To prevail on a retaliation claim, a plaintiff must establish three elements: (1) that he engaged in activity protected by the First Amendment; (2) that the defendant took an adverse action that would deter a person of ordinary firmness from exercising his rights; and (3) that there was a causal relationship between the plaintiff's protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020).

At this stage of the proceedings, Waldron does not dispute that Allen has produced sufficient evidence to establish the first and second elements. Courts have recognized that "inmates generally retain a First Amendment interest in declining to speak," Burns v. Martuscello, 890 F.3d 77, 88 (2d Cir. 2018), and that the filing of a disciplinary charge in response to constitutionally protected conduct "would likely deter prisoners of ordinary firmness from exercising their First Amendment rights," Booker v. S.C. Dep't of Corr., 583 F. App'x 43, 44 (4th Cir. 2014); see also Dixson v. Brown, 38 F.3d 379, 379 (8th Cir. 1994) (noting that the filing of a disciplinary charge becomes actionable if done in retaliation for exercising a First Amendment right).

In moving for summary judgment on the merits of the retaliation claim, Waldron argues that Allen is unable to satisfy the causation element. The Fourth Circuit has held that

6

the causation element implicates "the burden-shifting framework of the same-decision test." Shaw, 59 F.4th at 130 (citing Martin, 977 F.3d at 299). "That test allocates a prima facie burden to the plaintiff to show that his protected activity was 'a substantial or motivating factor' in the defendants' action." Id. (quoting Martin, 977 F.3d at 301). If the plaintiff meets this burden, "[t]he burden then shifts to the defendant[] to prove by a preponderance of the evidence that [he] would have taken the same action in the absence of the plaintiff's protected activity." Id. "For a plaintiff to meet his prima facie burden of causation, he must show (1) that the defendant[ was] aware of [his] engaging in protected activity and (2) some degree of temporal proximity to suggest a causal connection." Id. (internal quotation marks and citation omitted) (second alteration in original).

     Here, Allen's sworn statements indicate that Waldron was present when Allen refused to answer McBride, that his refusal to respond angered Waldron, and that Waldron used threatening and racially offensive language toward Allen. Additionally, it undisputed that Waldron charged Allen with a disciplinary offense that same day. Viewed in the light most favorable to Allen, such evidence is sufficient to establish that his protected activity was "a substantial or motivating factor" in Waldron's decision to take adverse action against Allen. Shaw, 59 F.4th at 130; see also id. at 131 (concluding that the "extremely close temporal proximity" between an inmate's protected activity and an adverse action was sufficient to support an inference of causation); Gregg-El v. Doe, 746 F. App'x 274, 275 (4th Cir. 2019) (emphasizing that "temporal proximity . . . may support an inference of causation") (citing Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 253 (4th Cir. 2015)).

Waldron alternatively argues that the record demonstrates that he would have taken the same action in the absence of Allen's protected activity. In particular, Waldron contends that Allen used vulgar language toward the officers and that he charged Allen with violating Offense Code 222 "[d]ue to [Allen's] use of vulgar language." Waldron Decl. ¶ 4. As noted above, however, Allen asserts under penalty of perjury that he "never used vulgar language toward any [Keen Mountain] staff on January 27, 2021" and, thus, that he was falsely charged by Waldron. Pl.'s Supp'l Aff. ¶ 3. In light of the conflicting sworn statements, the court concludes that Waldron is not entitled to summary judgment on the merits of the retaliation claim. See Martin, 977 F.3d at 305 ("The district court erred in crediting Duffy's reasons for segregating Martin. At the summary-judgment stage, a court must view all facts in the light most favorable to the non-moving party. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (internal quotation marks and citations omitted); Raynor v. Pugh, 817 F.3d 123, 130 (4th Cir. 2016) ("[W]here affidavits present conflicting versions of the facts which require credibility determinations, summary judgment cannot lie.") (internal quotation marks and citations omitted); see also Riddick v. Mickles, No. 7:20-cv-00559, 2023 WL 2759069, at *10 (W.D. Va. Mar. 31, 2023) (concluding that the parties' dispute as to whether an inmate committed the disciplinary offense with which he was charged precluded summary judgment on the causation issue); Wall v. Clarke, No. 7:19-cv-00260, 2023 WL 2703138, at *4–6 (W.D. Va. Mar. 29, 2023) (same).

### **Conclusion**

For the reasons stated, Waldron's second motion for summary judgment on the claim of retaliation, ECF No. 76, is **DENIED**, and the court will refer the matter for an evidentiary hearing on the exhaustion defense. An appropriate order will be entered.

Entered: June 6, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.06.06 10:45:33
-04'00'

Michael F. Urbanski
Chief United States District Judge